IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEXANDRA LOPEZ-PEREZ<br>Plaintiff<br>vs<br>UNITED STATES OF AMERICA<br>Defendant | CIVIL 16-2305CCC<br>Related Cr. 13-0124-33CCC |

**OPINION AND ORDER**

Before the Court is petitioner's Motion Pursuant to 28 U.S.C. § 2255 in Light of the Retroactive Effect of Johnson (**d.e. 1**), placed in the prison mailbox on June 22, 2016 and filed on June 28, 2016, petitioner's second Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (**d.e. 2**) filed on August 22, 2016, petitioner's Informative Motion (d.e. 6) filed on August 26, 2016, and the United States' Motion to Dismiss Petitioner's Motion (**d.e. 7**) filed on August 31, 2016. For the reasons discussed below, the Court ORDERS that the Motion to Dismiss (**d.e. 7**) is GRANTED and that petitioner's Motion (**d.e. 1**; **d.e. 2**) is DISMISSED.

**I. BACKGROUND**

On February 13, 2014, the Court sentenced petitioner to sixty (60) months of imprisonment (Crim. No. 13-124-33, d.e. 940, p. 1) after she pled guilty to conspiracy with intent to distribute at least five-hundred (500) grams but less than two (2) kilograms of cocaine within a protected location in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860 (Crim. No. 13-124-33, d.e. 572, p. 2). A number of petitioner's co-defendants were charged with a

violation of 18 U.S.C. § 924(c)(1)(A), but petitioner was not (Crim. No. 13-124-33, d.e. 3, pp. 2-3). Petitioner filed this 28 U.S.C. § 2255 motion seeking that her sentence be vacated under Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), which held unconstitutional part of 18 U.S.C. § 924.

## II.   DISCUSSION

In Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), the U.S. Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." It defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court has determined that the ACCA's "residual clause" is unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id.

On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Asking for relief under Johnson, petitioner first asserted that her sentence was affected by a finding that she had a prior crime of violence as defined in 18 U.S.C. § 16 (**d.e. 1**) and later asserted that her sentence was based on a finding that she had a prior crime of violence pursuant to U.S.S.G. § 4B1.1 (**d.e. 2**). Petitioner then corrected herself in her Informative Motion (d.e. 6), explaining: "the petitioner was neither sentenced under nor subject to the Armed Career Criminal Act ('ACCA'), 18 U.S.C. § 924(e), or the Career Offender guideline, U.S.S.G. § 4B1.1. In addition, her offense of conviction did not involve a 'crime of violence' or a 'violent felony.'"

Petitioner's sentence of sixty (60) months was based on the statutory minimum for her crime pursuant to 21 U.S.C. § 841(b)(1)(B)(II). Her base offense level was not adjusted due to any finding that she had a prior crime of violence, and her guideline minimum was ultimately determined by the statutory minimum rather than by her offense level. The ruling in Johnson did not affect any statutes under which petitioner was sentenced and has no application to her case.

CIVIL 16-2305CCC 4
(Related Cr. 13-0124-33CCC)

## III. CONCLUSION

For the reasons stated, the Court GRANTS the United States' Motion to Dismiss (**d.e. 7**) and DISMISSES petitioner's Motions (**d.e. 1**; **d.e. 2**), with prejudice. The Court admonishes petitioner not to make material misrepresentations of fact to the Court.

Judgment to be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on August 1, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge